NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA G. DATTALO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHARLES HAMPTON, AJB TRANSPORTATION INC., HART LOGISTICS, JOHN DOES 1-10 (fictitious names), JANE ROES 1-10 (fictitious names) and ABC COMPANIES INC. 1-10 (fictitious names),<br><br>　　　　　　Defendants. | Civil Action No. 2:14-cv-0290 (WHW)(CLW)<br><br>**<u>OPINION & ORDER</u>** |

**THIS MATTER** comes before the Court upon motion by Plaintiff Theresa G. Dattalo ("Plaintiff") seeking an order to serve process upon Safety Insurance Company ("Safety") in the place of personal service upon Defendant Charles Hampton ("Defendant").

On October 28, 2013, Plaintiff filed suit against Defendants in the Essex County Superior Court, Law Division, in relation to a motor vehicle accident that occurred on November 9, 2011 and in which Plaintiff alleges she sustained injuries. On January 15, 2014, Defendant AJB Transportation, Inc., removed the matter to the United States District Court for the District of New Jersey. On December 29, 2014, Plaintiff filed the instant unopposed motion for substitute service by virtue of her failure to serve her complaint upon Defendant despite her diligent attempts to do so. Plaintiff alleges that Defendant caused the collision and was covered under an insurance policy issued by Safety at the time of the collision; Plaintiff accordingly seeks an Order permitting substituted service upon Safety.

Federal Rule of Civil Procedure 4(e)(1) provides that service of a summons and complaint be made pursuant to the law of the state in which the district court is located. New Jersey Rules of

Court further provide that service may be accomplished by court order if it cannot be accomplished by any other methods provided by the rules. N.J. Ct. R. 4:4-4(b)(3). Typically, such service is "reserved for circumstances in which the usual modes of service are . . . unduly oppressive upon the plaintiff or where the defendant successfully evades service of process." Schneider Nat., Inc. v. Schneider Movers, Inc., 2010 WL 1490593, at *2 (D.N.J. Apr. 12, 2010) (quoting Ivo Kopic v. Magriplis Corp., 2006 WL 3903975, at *2 n. 2 (N.J. App. Div. Dec. 29, 2006)) (internal quotations omitted). To justify substituted service, a plaintiff must demonstrate a diligent inquiry. Schneider, 2010 WL 1490593, at *3. The Court's analysis of whether diligence has been exercised is "fact sensitive" and "[t]here is no fixed standard for whether a party has exercised diligence." Prudential Ins. Co. of Am. v. Holladay, 2008 WL 1925293, at *2 (D.N.J. Apr. 30, 2008) (internal citations omitted). Importantly, New Jersey courts have permitted service upon a defendant's insurance carrier when a plaintiff establishes the exercise of due diligence. 17 A.L.R.4th 918 (collecting and discussing New Jersey cases in which substituted service of process on a tortfeasor was properly made by service upon the tortfeasor's insurance carrier where the tortfeasor was unavailable for service despite diligent efforts to locate him).

Here, the Court is satisfied that Plaintiff undertook a diligent inquiry to serve her complaint upon Defendant. Plaintiff's counsel certifies that, over a period of about eleven months, Plaintiff attempted service repeatedly and unsuccessfully on Defendant at three different addresses. Specifically, Plaintiff gleaned one address from the Police Crash Report and the United States Postal Service, a second from the USPS, and yet another from an Intelius internet search. Plaintiff credibly maintains that she "encountered substantial difficulty [and] exercised due diligence in attempting to serve" Defendant. The Court further finds that Plaintiff's cause of action cannot be fully adjudicated without service upon Defendant and that requiring Plaintiff to continue to attempt

to serve Defendant through the normal modes of service would be prejudicial. Whether intentionally or not, Defendant has escaped service of process, has not advised Plaintiff or the authorities of his whereabouts, and has not taken steps to be informed with respect to the claims against him.

In light of the foregoing, the Court concludes that Plaintiff may effect substituted service upon Defendant's insurance carrier, Safety.

**ACCORDINGLY, IT IS** on this 24th day of February, 2015,

**ORDERED** that Plaintiff's motion for substituted service is **GRANTED**;

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 14;

**FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the date of this order to effect service upon Defendant Charles Hampton by (1) mailing a copy of the summons and complaint by regular and certified mail to Defendant Charles Hampton at his last known address, and (2) by personally serving Safety Insurance Company.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**